**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-23-08012-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Twenty-Six Firearms and Ammunition, | |
| Defendant. | |

The United States filed a motion for default judgment regarding "the interests of Klee Lee Morrison, Dejae Morrison, and all others" in the firearms and ammunition named in the verified complaint for forfeiture *in rem*.  (Doc. 9.)  For the following reasons, the motion is granted.

## BACKGROUND

As alleged in the complaint, Klee Lee Morrison ("Klee") "has an extensive criminal history spanning 20 years, more than half his life," including "multiple felony convictions involving weapons and drugs" and multiple incarcerations.  (Doc. 1 ¶ 68.)  Klee and his wife, Dejae Morrison ("Dejae"), were aware that Klee was a convicted felon and was therefore prohibited from possessing firearms and ammunition.  (*Id*.)  Nevertheless, on August 19, 2021, U.S. Probation Officers ("USPOs") visited Klee's and Dejae's residence in Arizona based on a tip that Klee had firearms in a shipping container on the property and discovered 26 firearms and ammunition ("the Defendant Property").  (*Id*. ¶¶ 13-41.) The Defendant Property includes:

1. Ruger 10/22 Rifle Cal:22 SN:248-29345;

2. Remington Arms Company, Inc. R-15 VTR Rifle Cal:223 SN:RA017073;

3. Mossberg 500C Shotgun Cal:20 SN:R928283;

4. Sun City Machinery Co., LTD Stevens 320 Shotgun CAL:12 SN:147167C;

5. Remington Arms Company, Inc. 597 Rifle Cal:22 SN:B2704839;

6. Remington Arms Company, Inc. 870 Express Magnum Shotgun Cal:12 SN:A223314M;

7. Bushmaster Firearms XM15-E2S Rifle Cal:223 SN:BFI685451;

8. Browning Gold Shotgun Cal:12 SN:2548DU2007;

9. Mossberg 500 Shotgun Cal:410 SN:U383586;

10. Mossberg 835 Ulti-Mag Shotgun Cal:12 SN:UM617004;

11. Winchester 120 Shotgun Cal:12 SN:L1793592;

12. Mossberg 500 Shotgun Cal:20 SN:T619107;

13. Ruger 10/22 Rifle Cal:22 SN:824-20965;

14. Sig Sauer (Sig-Arms) Sig 556 Rifle Cal:556 SN:44A005052;

15. Remington Arms Company, Inc. 700 Rifle Cal:243 SN:RR77380B;

16. Savage Stevens 59B Shotgun Cal:410 SN:NONE;

17. Marlin Firearms Co. 983T Rifle Cal:22 SN:91642504;

18. Mossberg 500 Shotgun Cal:20 SN:U729753;

19. Benelli, SpA. Nova Shotgun Cal:12 SN:Z485673;

20. Winchester 67 Rifle Cal:22 SN:None;

21. Walther P22 Pistol Cal:22 SN:M092170;

22. Smith & Wesson SW40VE Pistol Cal:40 SN:PBY5971;

23. Ruger P345 Pistol Cal:45 SN:66455427;

24. Makarov Unknown Type Pistol Cal:Unknown SN:AB271870;

25. Quality Firearms Inc. RP38 Revolver Cal:38 SN:SW03777;

26. Glock Inc. 42 Pistol Cal:380 SN:ABYE507;

27. Six Rounds Ammunition Cal:380;

28. 202 Rounds Assorted Ammunition Cal:Multi; and

29. 52 Rounds Assorted Ammunition Cal:Multi

(*Id.* ¶ 4.)

After the USPOs discovered the weapons and ammunition, Klee voluntarily gave the USPOs his phone and the code to unlock it.  (*Id.* ¶ 45.)  The USPOs found text threads and Facebook messages in which Klee discussed his possession and sales of guns and ammunition, including a June 24, 2021 text thread between Klee and Dejae in which Klee proposed driving to Utah to sell an SKS rifle, ammunition, and a .223 rifle and Dejae agreed.  (*Id.* ¶¶ 45, 49.)

The USPOs seized the Defendant Property and Klee was arrested.  (*Id.* ¶¶ 55, 59.)

On January 24, 2023, the United States filed the verified complaint for forfeiture *in rem* pursuant to 18 U.S.C. § 924(d).  (Doc. 1.)  The Clerk issued a warrant to arrest the Defendant Property (Doc. 3), and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") subsequently arrested the Defendant Property (Doc. 5).

On January 27, 2023, the government sent direct notice of the forfeiture action to Klee and Dejae via certified and first class mail, notifying them that they had 35 days in which to file a verified claim with the Clerk and serve such claim upon the government and also notified any unknown claimants via publication.  (Doc. 6.)

No claim or responsive pleading has been filed or served on the government.

On May 16, 2023, the government filed an application for entry of default as to Klee, Dejae, and all others (Doc. 7), which the Clerk of Court entered (Doc. 8).

On May 31, 2023, the government filed the pending motion for default judgment. No response has been filed.

## DISCUSSION

I.   <u>Legal Standard</u>

The "decision whether to enter a default judgment is a discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The following factors, known as the *Eitel* factors, may be considered when deciding whether default judgment is appropriate:  (1) the

possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"[T]he general rule" for default judgment purposes "is that well-pled allegations in the complaint regarding liability are deemed true." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "The district court is not required to make detailed findings of fact." *Id.* "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

II.     The First, Fifth, Sixth, And Seventh *Eitel* Factors

"In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh [*Eitel*] factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, 2020 WL 1495210, *3 (D. Ariz. 2020).

The first factor weighs in favor of default judgment. If the government's motion were denied, it would be without other recourse for recovery. *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The fifth and sixth factors weigh in favor of default judgment or are neutral. Due to the lack of any claimant's participation, there is no dispute over material facts and no indication that default is due to excusable neglect.

The seventh factor generally weighs against default judgment, given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the existence of Rule 55(b), which authorizes default judgments, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177.

III.    The Fourth *Eitel* Factor—The Amount Of Money At Stake

Under the fourth factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Here, the value of the Defendant Property is "substantial." (Doc. 9 at 7.) This factor weighs against default judgment.

IV.    The Second And Third *Eitel* Factors—Merits And Sufficiency

That leaves the second and third *Eitel* factors—the merits of the claim and the sufficiency of the complaint.  "These two factors are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (internal quotation marks omitted).  "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Id*.

Here, both factors weigh in favor of granting default judgment.  Taken as true, the factual allegations in the complaint establish that Klee, a convicted felon, illegally possessed and was selling firearms and ammunition.  There is a substantial connection between the property and the offense.

V.    Balancing The Factors

Having considered all of the *Eitel* factors, the Court concludes that default judgment is appropriate.

Accordingly,

**IT IS ORDERED** that the government's motion for default judgment against Klee Lee Morrison, Dejae Morrison, and all other interests (Doc. 9) is **granted**.  A separate judgment shall issue, after which the Clerk shall terminate this action.

Dated this 2nd day of August, 2023.

_____
Dominic W. Lanza
United States District Judge